UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DEBORAH MANEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:24-cv-01474 |
| v. | ) |
| | ) |
| **UNKNOWN DEFENDANTS,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed this complaint against Unknown Defendants.[1] (Doc. No. 1).

**I. FILING FEE**

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). According to Plaintiff's IFP Application, her monthly income totals $923 from Supplemental Social Security payments, she has no assets of any kind other than an "inheritance of 100, 100, 100, 100 trillions of dollars stolen", her monthly expenses total over $1000, and she does not expect any major changes to her monthly income or expenses in the next 12 months (Id.) Plaintiff did not provide a residential address. It appears that Plaintiff may be unhoused. Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

---

[1] Despite best efforts, neither the Clerk nor the Court can decipher Ms. Maney's handwriting or intent in naming defendants. For example, in the caption, it appears she has written, "Com Stalk," "Male female," "Blue tooth," and "Ovem Strollc." (Doc. No. 1 at PageID# 1). On the second page of the complaint, under "The Defendant(s)", it appears Ms. Maney has written "State of Tennessee", "Outloud – thoughts", and "enjay vehicles Demonbrauns." (Id. at PageID# 2). Thus, the Clerk docketed the case as against "Unknown Defendants."

1

## II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." Denton v. Hernandez, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" Id. at 31 (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). Benson v. O'Brian, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Hill v. Lappin, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001) (citing Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985). And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

## III. ALLEGED FACTS

As best the Court can discern,[2] the complaint alleges that "a federal law itself" has "cuss[ed]" and "hurt" Plaintiff. (Doc. No. 1 at PageID# 3). The complaint lists words and phrases such as "federal constitutional laws", "nigger nigger", "vehicular homicide," and "poisons." (Id. at PageID# 3). In the "Relief" section of her complaint, Plaintiff lists racist and sexual terms and states that she is seeking "no open violation" and "wants [her] life back." (Id. at PageID# 5). Above the instructions on the form complaint that require plaintiffs to describe their injuries, Plaintiff has written "Uggghhh." (Id.)

## IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's complaint does not satisfy Federal Rule of Civil Procedure Rule 8 and cannot survive screening under Section 1915(e)(2). The allegations set forth in the complaint are frivolous and/or delusional. While a complaint need not contain "magic words," it must contain factual allegations and make plausible the claim for relief. Plaintiff's complaint does not. Moreover, "[t]his Court is not 'required to create [Plaintiff]'s claims for [her],' because '[t]o do so would requir[e the] courts to explore exhaustively all potential claims of a pro se plaintiff and would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" Bell v. Tennessee, No. 1:11-cv-14, 2012 WL 996560, at *9 (E.D. Tenn. Mar. 22, 2012) (quoting Thompson v. A.J. Rose Mfg. Co., 208 F.3d 215 (6th Cir. 2000) (bracket in original)).

Additionally, there is no basis for federal jurisdiction. "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua

---

[2] The complaint is so skeletal and nonsensical that it is impossible to distill her statements into coherent narratives and causes of action.

sponte." Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). There are two basic types of subject-matter jurisdiction: federal-question jurisdiction and diversity of citizenship jurisdiction. 28 U.S.C. §§ 1331, 1332. A plaintiff properly invokes federal-question jurisdiction under Section 1331 when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (citation omitted). A plaintiff invokes diversity of citizenship jurisdiction when he presents a claim between parties who are citizens of different states and the value of that claim exceeds the required jurisdictional amount, currently $75,000. 28 U.S.C. § 1332(a). The plaintiff bears the burden of establishing jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). When a plaintiff fails to establish jurisdiction, the Court must dismiss the case without prejudice. Ernst v. Rising, 427 F.3d 351, 366 (6th Cir. 2005); Revere v. Wilmington Fin., 406 F. App'x 936, 937 (6th Cir. 2011).

Here, Plaintiff has not established subject-matter jurisdiction. She represents that Defendant and Plaintiff are residents of Nashville, Tennessee (*see* Doc. No at PageID# 2); thus, diversity of citizenship is not alleged. Neither has Plaintiff identified a federal question, nor can the Court discern one.

## V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint is subject to dismissal as frivolous and delusional under 28 U.S.C. 1915(e). Additionally, the complaint fails to establish a basis for federal jurisdiction. Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE